IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Leonard Jenkins, | Case No. 3:08 CV 2368 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Julie Daily, et al., | |
| Defendants. | |

On October 6, 2008, *pro se* Plaintiff Leonard Jenkins filed this action under 42 U.S.C. § 1983 against North Central Correctional Institution ("NCCI") Health Care Administrator Julie Daily, Ohio Department of Rehabilitation and Correction ("ODRC") Medical Operations Manager John Gardner, ODRC Assistant Chief Inspector Mona Parks, ODRC Quality Assurance Manager Darlene Smith, former NCCI Physician Ahmed, former NCCI Physician Cloutier, former NCCI Health Care Administrator John Kerschner, former NCCI Warden Gordon Lane, former NCCI Health Care Administrator Becky Roggio, former NCCI Physician Southall, and former NCCI Institutional Inspector Larry Yoder. Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks injunctive and monetary relief.

## BACKGROUND

Jenkins is a paraplegic inmate currently housed in NCCI. He alleges he was not issued the wheelchair recommended by a Corrections Medical Center ("CMC") specialist. In 2002, he informed NCCI Physician Cloutier his wheelchair had become too small. Dr. Cloutier referred Jenkins to CMC where he was measured for a wheelchair on September 18, 2002. The CMC specialist recommended a sports model chair for Jenkins, which would provide him with the greatest amount of

maneuverability. Jenkins was called to the infirmary in October 2002 and offered a choice of two new wheelchairs. Jenkins refused to accept either chair because they were not the sports model recommended by the CMC specialist. He further claimed the new chairs were of lesser quality than his current chair. Dr. Southall told Plaintiff the institution did not approve the purchase of the sports model wheelchair due to the cost.

Jenkins made numerous attempts to receive the specialized wheelchair. He filed grievances with NCCI Heath Care Administrator Becky Roggio, and NCCI Institutional Inspector Larry Yoder in 2003. At each stage of the grievance process, he was told the wheelchairs he refused were more than adequate to meet his needs. Jenkins also wrote letters to ODRC Medical Operations Manager John Gardner and ODRC Quality Assurance Manager Darlene Smith in 2003 seeking their intervention. He was told his medical needs could be met with a standard wheelchair. He sent institutional kites to the Health Care Administrator, the Warden, and the Americans with Disabilities Act Coordinator asking for the sports model chair. Once again, he was told the institution would not pay for the wheelchair he requested.

A new wheelchair was ordered for Jenkins in 2007. This chair was wider than his previous chair, but it was not the sports model recommended in 2002. Although Jenkins did not refuse this wheelchair, he objects to its quality and contends it lacks the requisite maneuverability to participate in some recreational sports or to squeeze into crowded tables in the dining hall. Plaintiff also alleges it is not sufficiently durable to permit him to lift weights in the chair. He must first be moved to a weight bench before he can participate in this activity. He claims the seat and back supports are too flexible and allow him to slouch in the chair. Jenkins alleges the wheelchair has already started to rip

2

in the back, and one of the tires has been replaced. He continues to request the issuance of the specialized wheelchair and seeks unspecified monetary damages.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section1915(e).

As an initial matter, most of Plaintiff's claims are time-barred. Ohio's two-year statute of limitations for bodily injury applies to Section 1983 claims. *LRL Properties v. Portage Metro Housing Auth.*, 55 F. 3d 1097 (6th Cir. 1995). The claims against John Gardner, Darlene Smith, Dr. Cloutier, John Kerschner, Becky Roggio, Dr. Southall, Gordon Lane, and Larry Yoder are based on events which occurred in 2002 and 2003. He claims Dr. Ahmed referred him to a "wheelchair doctor" in June 2006. This action was filed on October 6, 2008, well beyond the expiration of the statute of limitations period for these claims. There is no purpose in allowing them to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

In addition, John Gardner, Darlene Smith, Mona Parks, and Larry Yoder are all named as defendants because they responded unfavorably to Plaintiff's grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Plaintiff alleges no other facts to suggest these Defendants were deliberately indifferent to his serious medical needs.

3

Finally, Plaintiff fails to state a claim for relief under the Eighth Amendment against the remaining Defendant, Health Care Administrator Julie Daily. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). It affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Id.* An extreme or grave deprivation is required. Plaintiff alleges that Daily has not provided him with the sports model wheelchair recommended to him to maximize his mobility and maneuverability. He alleges the chair he was provided is of lesser quality, restricts his ability to engage in sport activities, does not permit him to lift weights without transferring to a bench, and has too much flexibility in the seat and back cushions. These are not the type of deprivations which trigger Eighth Amendment scrutiny.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 9, 2009

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.